DETTLOFF, Respondent, vs. LANGKAU, Appellant.

*February 5—March 6, 1934.*

The cause was submitted for the appellant on the brief of *Lloyd D. Mitchell* of Oshkosh, and for the respondent on that of *Barber, Keefe, Patri & Horwitz,* attorneys, and *Dan. M. Hildebrand* of counsel, all of Oshkosh.

ROSENBERRY, C. J. We need not in this case be especially concerned about whether or not there existed between the plaintiff and Pasano the legal relation of copartners. The question here is, Did the adjustment and payment to Pasano by the defendant of the amount agreed upon discharge defendant's liability under the contract? The great weight of the evidence preponderates clearly and convincingly in support of the defendant's claim that Dettloff represented expressly and by acquiescence that he and Pasano were partners on this job. Such representation being made, Pasano had apparent authority, if not actual authority, to act in the matter and to receive payment.

The reason for the making of the representation has no bearing upon the question of whether or not it was made. If the plaintiff and Pasano were pretending to be partners to

avoid the consequences of a violation of the rules of the Painters International, the defendant was not informed that it was a mere pretense or that the relation between them was other than that which they represented it to be. The trial court did not find that the representation was not made, but was apparently of the view that, unless a partnership in the full legal sense of that term existed, payment to Pasano did not discharge the defendant's obligation. This for the reason stated was clearly error. There are other circumstances which support defendant's contention. The first payments under the contract were made to Dettloff, who gave a receipt therefor. The defendant required Pasano to countersign these receipts. As a reasonable man he would not have done this unless he thought Pasano had an interest in the contract. While this does not appear to have been done with plaintiff's knowledge, it strongly indicates the defendant's understanding of the matter at a time when no dispute existed.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the plaintiff's complaint.